## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

PETER CARTER,                        )
                                     )
                  Petitioner,        )
v.                                   )        No. 1:12-cv-280-TWP-MJD
                                     )
DICK BROWN,                          )
                                     )
                  Respondent.        )

### Entry Discussing Petition for Writ of Habeas Corpus

For the reasons explained in this Entry, the petition of Peter Carter ("Mr. Carter") for a writ of habeas corpus must be **denied** and this action **dismissed with prejudice.**

### Background

The pleadings and the expanded record in this action establish the following:

1.   Mr. Carter is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. WVE 11-09-0086, wherein he was found guilty of having violated prison rules of conduct by "attempting to engage in trafficking with anyone who is not an offender" residing in the same facility.

2.   A conduct report was issued on September 15, 2011, reciting that contraband had been discovered the previous day in mail addressed to Mr. Carter.

3.   After Mr. Carter was supplied with a copy of the written charge and notified of his procedural rights, a hearing was conducted on September 30, 2011. Mr. Carter was present at that hearing and made a statement concerning the

charge. At the conclusion of the hearing Mr. Carter was found guilty and sanctions were imposed.

## Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner=s confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Mr. Carter was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive

component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Mr. Carter received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. The sufficiency of the evidence was based on contraband being included in mail addressed to Mr. Carter and inspected/discovered on September 14, 2012. In addition, (1) Mr. Carter was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions which were imposed. A conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 571. Mr. Carter's claim that he was denied an impartial decision maker is without merit.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Carter to the relief he seeks. Accordingly, Mr. Carter's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/09/2013 _____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Peter Carter**
**No. 936926**
**Wabash Valley Correctional Facility**
**Inmate Mail/Parcels**
**P.O. BOX 1111**
**6908 S. Old U.S. Highway 41**
**Carlisle, IN 47838**

**Electronically Registered Counsel**